JANET L. CHUBB, ESQ.
Nevada Bar # 176
LOUIS M. BUBALA III, ESQ.
Nevada Bar # 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone: (775) 786-5000
Fax: 775-786-1177
Email: jlc@jonesvargas.com
      tbw@jonesvargas.com
      lbubala@jonesvargas.com

Attorneys for
KOHL'S DEPARTMENT STORES, INC.

*Electronically Filed on July 19, 2007*

# UNITED STATE BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>PTI HOLDING CORP., et al.,<br><br>    Debtors. | Case Nos. 06-50140 through 06-50146<br><br>Administratively consolidated under:<br>Case No. BK-N-06-50140-GWZ<br>Chapter 11 |
| LONDON FOG GROUP, INC. and PACIFIC TRAIL, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>    Defendants. | Adversary No. BK-N-07-05066-GWZ<br><br>**DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date:  7/26/07<br>Hearing Time:  10:00 a.m.<br>                  Set for one hour |

  Defendant KOHL'S DEPARTMENT STORES, INC. ("Kohl's"), by and through its counsel, Jones Vargas, files this reply in support of its motion to dismiss (Ct. Dkt. #s 7-8, motion & supporting Decl. of L. Sledgister, filed May 11, 2007). Plaintiffs previously oppose the motion (Ct. Dkt. #11, filed June 5, 2007).

-1-

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I. INTRODUCTION**

Plaintiffs misinterpret the facts, law, and arguments in opposition the motion to dismiss. For example, Plaintiffs assert that Defendant conceded this court has "related to" jurisdiction, thus making Section 1409(d) inapplicable. Ct. Dkt. #11, Opp. at 3:31-33. This is not true. Defendant denies that this court has "related to" jurisdiction in arguing for dismissal under Section 1409(d). However, should this Court disagree on Section 1409(d)'s applicability, Kohl's alternatively asserts the court has jurisdiction only because the proceeding is related to Plaintiffs' cases. This limited jurisdictional basis requires the enforcement of the forum-selection clause in the parties' contract, pursuant to the U.S. Supreme Court's ruling in *Bremen*. Ct. Dkt. #7, Mtn. at 6-10.

**A.     This Action is Improperly Venued in Nevada under Section 1409(d).**

Plaintiffs acknowledge that while Section 1409 provides general venue requirements, it provides a specific exception for post-petition claims. 11 U.S.C. § 1409(a), (d). They also acknowledge that the only relevant decision within this circuit dismissed the proceeding for improper venue under Section 1409(d). *Etalco, Inc. v. AMK Indus., Inc.* (*In re Etalco, Inc.*), 273 B.R. 211 (B.A.P. 9th Cir. 2001).

Plaintiffs attempt to distinguish *Etalco* on the ground that it involved a post-petition contract. They assert *Etalco* is not applicable to the current proceeding, which involves a pre-petition contract and Kohl's post-petition breach by refusing to pay invoices. The statute does not support such a distinction. The statute does not require a post-petition contract; it simply requires a post-petition claim. The venue provision applies to "a <u>claim arising after the commencement</u> of [the bankruptcy] case from the operation of the business of the debtor" 11 U.S.C. § 1409(d) (emphasis added). There is no need to inquire beyond the statute's plain language. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989). Moreover, Plaintiffs' position is contrary to the general principle that the statute of limitations for a breach of contract run from the date of the breach, not from the date of the contract. By raising the date of the contract to determine the

1  effective date of their claim, Plaintiffs request a statutory interpretation that is not necessary to
2  apply the statute's plain language.

3  Other courts have strictly enforced Section 1409(d).  "Congressional intent in enacted
4  subsection 1409(d) may not be lightly brushed aside.  Moreover, cases which have dealt with the
5  mandatory venue provisions of subsections (b) and (d) have strictly interpreted those subsections."
6  *Continental Air Lines, Inc. v. Hillbolm* (*In re Continental Air Lines, Inc.*), 61 B.R. 758, 771 (S.D.
7  Tex. 1986), *citing Cristol v. Western Book Distribs.* (*In re Schear & Assoc., Inc.*), 47 B.R. 544
8  (Bankr. S.D. Fla. 1985), and *Armstrong v. Ranier Fin'l Servs.* (*In re Greiner*), 45 B.R. 715 (Bankr.
9  D.N.D. 1985).

10  Plaintiffs' supporting authority similarly misinterprets the unequivocal statutory language.
11  In Plaintiffs' cited cases, the courts held that although plaintiffs brought post-petition claims, they
12  were subject to the bankruptcy court's general jurisdiction because the claims involved pre-
13  petition contracts.  Ct. Dkt. #11, Opp. at 4.  These cases ignore the only relative question, when
14  the breach occurred and, thus, when the claim arose.

15  In contrast, and in support of the motion to dismiss, Kohl's directs the court to *Jim Walter*
16  *Resources Holding Corp. v. Belcher* (*In re Hillsborough Holding Corp.*), 146 B.R. 1008 (Bankr.
17  S.D. Fla. 1992).  The matter involved a pre-petition lease, with plaintiff lessee bringing various
18  claims against the lessor.  *Id.* at 1009.  The court held that "The claims asserted by [plaintiff] are
19  based on postpetition events.  <u>The fact that the lease between [plaintiff] and [defendant] was</u>
20  <u>entered to prepetition is of no moment</u>."  *Id.* at 1011 (emphasis added).  That is the exact situation
21  in the current proceeding, with Plaintiffs alleging a post-petition breach of a pre-petition contract.
23  *Cf. Bayview Plaza Assocs. L.P. v. Town of North East* (*In re Bayview Plaza Assocs. L.P.*), 209
24  B.R. 840, 843 (Bankr. D. Del.) (pre-petition relationship between debtor and defendant direct
25  related to claims is insufficient to confer general jurisdiction over post-petition claims).

26  Plaintiffs also assert that Kohl's violated the automatic stay.  Ct. Dkt. #11, Opp. at 4:16-18,
27  7:7-9.  Kohl's denies any such violation because a refusal to pay a demand for money, even post-
28  petition, does not violate the automatic stay.  But Plaintiffs' allegations further support a finding

-3-

that this matter involves post-petition claims subject to Section 1409(d)'s mandatory venue provision. As the court found in *Jim Walter Resources*, the plaintiff's allegation that defendants violated the automatic stay "obviously occurred postpetition." 146 B.R. at 1011. Thus, Plaintiffs' assertion that Kohl's violated the automatic stay substantiates Kohl's claim that these are post-petition matters.

Plaintiffs' authorities--looking at the date of the contract rather than the date of the claim--are contrary to the plain language of Section 1409(d) and cannot be sustained in light of the Supreme Court's directive in *Ron Pair*.

**B.    Even if a Pre-Petition Claim Exists, It Remains Subject to the Venue Clause.**

Kohl's believes this proceeding involves post-petition claims subject to Section 1409(d). However, even if the Court holds this proceeding involves pre-petition claims, the matter still is subject to the venue-selection clause and must be litigated in Wisconsin.

**1.    Plaintiffs Do Not Substantively Contest the Venue Clause.**

Plaintiffs imply the venue-selection clause is unenforceable by calling it "adhesive" and "boilerplate." Ct. Dkt. #11, Opp. at 7:31 (subhead), 8:15. Plaintiffs do not cite any legal authority to substantiate their implied claim that the clause is unenforceable. They have not provide any legal basis to strike the clause and, thus, waive this argument. *Accord* D. Nev. L.R. 7-2 (requiring points and authorities).

**2.    Plaintiffs Fail to Show that Litigation in Wisconsin is Unreasonable.**

In arguing that they are not subject to their contractual venue clause, Plaintiffs gloss over the U.S. Supreme Court's directive to apply such clauses unless "unreasonable" and the enforcement of venue-selection clauses in the only two relevant bankruptcy decisions in the circuit. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *O. Mustad & Sons, A/S v. Seawest Inds., Inc.*, 73 B.R. 946 (W.D. Wash. 1987); *Mor-Ben Ins. Markets Corp. v. Trident Gen. Ins. Co.* (*In re Mor-Ben Ins. Markets Corp.*), 73 B.R. 644 (B.A.P. 9th Cir. 1987).

Indeed, Plaintiffs do not explicitly address why it is <u>unreasonable</u> for this matter to be litigated in Wisconsin pursuant to the contractual terms governing their relationship. They

attempt to turn the table, saying that it is not unreasonable for Kohl's to litigate in Nevada since it has stores in the state and already retained counsel for this proceeding. Ct. Dkt. #11, Opp. at 8. That does not satisfy the standard. Plaintiffs effectively claim it is reasonable to strike the venue clause. The standard, though, is whether it is unreasonable to enforce the venue clause. Plaintiffs' point does not address this standard.

Indeed, it is reasonable for Plaintiffs to litigate in Wisconsin. As Kohl's noted in its motion, Plaintiffs and their counsel have operations around the country. Plaintiffs already have demonstrated they do not have a problem litigating outside their home base in Washington. Despite the fact that lead counsel is based in Seattle, lead counsel had no difficulty registering for the court's electronic filing system and filed pleadings and papers in all matters without the administrative involvement of its local counsel. *E.g.*, Ct. Dkt. #s 1, 3 (Complt. & Opp., both filed by Mr. Jennings). Indeed, Plaintiffs' lead counsel have a regional base of operations for litigation in Wisconsin. A cursory review of the website for Plaintiffs' lead counsel, Perkins Coie, reveals an office in Chicago, as well as three attorneys admitted in Wisconsin and the Eastern District of Wisconsin. *See* http://www.perkinscoie.com (J. Altshul; L. Oleska; E. Matt). Mr. Altshul describes his practice in Chicago as including bankruptcy and commercial disputes. *Id.*

The fact that Plaintiffs may have to retain counsel in Wisconsin does not impose an unreasonable burden on Plaintiffs. Ct. Dkt. #11, Opp. at 8. Indeed, the Eastern District of Wisconsin allows any licensed attorney in good standing before any court to practice before it, without mandatory retention of local counsel. E.D. Wisc. General L.R. 83.6, 83.7 & 83.8. Should Plaintiffs opt to file in state court as allowed by the venue clause, Wisconsin allows Plaintiffs' lead counsel to proceed "in association with an active member of the state bar of Wisconsin." Wisc. S.C.R. 10.03(4). Wisconsin does not require "local" counsel to be a resident of the state, and three attorneys at Perkins Coie satisfy the rule's requirements.

Even if Plaintiffs are obligated to obtain local counsel, the "burden" of counsel is not inconsistent with the requirement that Plaintiffs, as corporate entities, must retain counsel to file petitions and actions, or retain local counsel in Nevada. To the extent they need to retain local

counsel in Wisconsin, this "new" expense simply represents a shift in costs from the amounts otherwise incurred with local counsel in Nevada.

Finally, Plaintiffs incorrectly argue that if the Court dismisses this action, they will have "to travel to a jurisdiction with no other contact to the Debtors." Ct. Dkt. #11, Opp. at 8:27-29. The claims register for Plaintiff London Fog Group, Inc., includes a claim filed by a Wisconsin business, Harri Hoffman Co. Inc. in Milwaukee (Cl. Reg. #20-1, filed April 11, 2006). London Fog Group also declared five other creditors across Wisconsin: Dennis Drinkwine in Milwaukee; Joseph S. Horan in Eau Claire; Patty's Ski Shop @ Mt LaCross in La Crosse; Rebecca Ninke in Cottage Grove; and TDS Telecom in Johnson Creek. PACER Creditor List, Case No. 06-50146, *available at* https://ecf.nvb.uscourts.gov. FRE 801(d)(2) (admission by party-opponent).

### 3. The Venue Clause is Enforceable Even After Balancing Factors.

The Ninth Circuit and its lower courts have not adopted a balancing test in evaluating the application of a venue-selection clause in bankruptcy proceedings. In the absence of such authority, Kohl's motion discussed the balancing test applied in other jurisdictions in weighing the constitutional right to contract versus the bankruptcy policy goal of consolidated actions. Courts typically hold that the constitutional right trumps bankruptcy policy goals when the proceeding is non-core, but that policy trumps the right to contract in core matters.

Plaintiffs apparently contest that proposition, asserting that "even when dealing with non-core matters, the analysis of whether to enforce a forum selection clause should be informed by the underlying bankruptcy policy of centralization." Ct. Dkt. #11, Opp. at 7:43-47. Plaintiffs do not cite a single supporting authority. *Accord* D. Nev. L.R. 7-2. They offer not basis that policy trumps a constitutional right in a non-core matter.

Thus, Plaintiffs must establish that this is a core matter in order for the Court to reject the venue clause and retain jurisdiction over this matter. They have not done so. Kohl's motion explains that this proceeding is, in essence, a state-law, non-core matter. Plaintiffs, in response, ignore Kohl's supporting authority. Kohl's cited *McCrary* as an illustrative case. Ct. Dkt. #6, Mtn. at 8, *citing McCrary & Dunlap Constr. Co. v. DEC Const. Partners, Ltd.* (*In re McCrary &*

*Dunlap Constr. Co.*), 256 B.R. 264 (Bankr. M.D. Tenn. 2000). Plaintiffs try to defuse *McCrary* by noting the court's analysis expressed equivocation on the definition of core and non-core, and its notation of a judicial "split on whether 'accounts receivable' claims are core matters against strangers to the bankruptcy proceeding" are core matters. Ct. Dkt. #11, Opp. at 6. Plaintiffs, however, ignore *McCrary*'s conclusion and substantial citation of illustrative decisions:

> The better approach is that such claims, at least when grounded in state law and arising pre-petition, must be treated as non-core. A majority of courts have taken this approach. *See, e.g., Beard v. Braunstein,* 914 F.2d 434, 444-445 (3rd Cir. 1990); *In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2nd Cir. 1993); *In re Pisgah Contractors, Inc.,* 215 B.R. 679 (W.D.N.C. 1995); *In re National Enterprises, Inc.,* 128 B.R. 956, 960 (E.D. Va. 1991); *In re Maislin Indus., U.S., Inc.,* 50 B.R. 943, 948-950 (Bankr. E.D. Mich. 1985); *In re Mec Steel Buildings, Inc.,* 136 B.R. 606, 610 (Bankr. D.P.R. 1992); *In re United Security & Communications, Inc.,* 93 B.R. 945, 957 (Bankr. S.D. Ohio 1988) ("clear majority, and better-reasoned, view" is to treat pre-petition accounts receivable as non-core); *In re Tobler Transfer, Inc.,* 74 B.R. 373, 375 (Bankr. C.D. Ill.1987).

256 B.R. at 267. As such, Plaintiffs' claims are non-core and subject to the venue-selection clause.

The record is clear that Kohl's had not contact with these cases before this proceeding. Plaintiffs try to evade this fact by asserting that Kohl's is a *de facto* party to the bankruptcy. Plaintiffs cite authority outside the circuit for the proposition that a party, who is a stranger to the bankruptcy aside from being named a defendant in a proceeding, creates a core matter and is subject to the bankruptcy court's jurisdiction by asserting a set-off defense. Ct. Dkt. #11, Opp. at 6. Plaintiffs' authorities, however, also recognize that other courts have ruled to the contrary, that a setoff defense does not implicate case administration such that the court is presented with a core matter. *Styler v. Jean Bob Inc.* (*In re Concept Clubs, Inc.*), 154 B.R. 581, 588-89 (D. Utah 1993), *citing Turner v. United States* (*In re G.S. Omni Corp.*), 835 F.2d 1317, 1319 (10th Cir. 1987).

Indeed, Judge Ryan held that whether termed recoupment and setoff, these terms "are in essence affirmative defenses." *In re County of Orange*, 219 B.R. 542, 559 (Bankr. C.D. Cal. 1997). Since Kohl's did not file a proof of claim or otherwise participate in the bankruptcy cases, it cannot be forcibly subjected to the bankruptcy court's jurisdiction simply based upon an affirmative defense to setoff the plaintiffs'/debtors' claims. *County of Orange* and other courts also recognize that there are alternative causes of action for recoupment or setoff, but the Ninth

1 Circuit Bankruptcy Appellate Panel holds that those causes of action survive a bankruptcy discharge. *Id.*; *Camelback Hosp., Inc. v. Buckenmaier* (*In re Buckenmaier*), 127 B.R. 233, 237 (1991) (citing cases). Kohl's has not yet asserted any such independent cause of action against plaintiffs/debtors, and have not subjected them to the bankruptcy court's jurisdiction in a core matter.

Kohl's has not injected itself in the cases through a claim, prior litigation removed to this court, or its own adversary proceeding. It has not implicated this court's administration to convert this into a core matter. This dispute remains a non-core matter. Thus, when faced with a contractual venue clause, bankruptcy's policy goals must yield to the constitutional freedom to contract. The venue-selection clause must be enforced, and this matter must be dismissed.

## IV. CONCLUSION

Plaintiffs may have filed for bankruptcy in the District of Nevada, but they cannot litigate their claims against Kohl's within the District. Plaintiffs' claims involve a post-petition breach of contract, which is subject to the mandatory venue provision of 11 U.S.C. § 1409(d) and the parties' contractual venue-selection clause. As a result, the Eastern District of Wisconsin is the only proper venue. Even if the Court finds a pre-petition dispute, the venue clause still requires this matter to be filed in the state or federal courts sitting in Wisconsin. Plaintiffs fail to establish why, as required by the U.S. Supreme Court, it is unreasonable to enforce the venue clause. Even if the court engages in a balancing of contractual rights versus bankruptcy policy, Kohl's has not asserted any claims against Plaintiffs that would implicate bankruptcy administration and create a core matter. As such, this non-core matter is subject to the contractual terms, including the venue clause requiring Plaintiffs to file their litigation in Wisconsin. Plaintiffs' action must be dismissed for improper venue and failure to state a claim. FRBP 7012(b), incorporating FRCP 12(b)(3), (6).

This 19th day of July, 2007.

JONES VARGAS

By:     //s// Louis M. Bubala III
           LOUIS M. BUBALA III

Attorneys for
KOHL'S DEPARTMENT STORES, INC.

# CERTIFICATE OF SERVICE

1. On July 19, 2007, I served the following document(s):

   **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

2. I served the above-named document(s) by the following means to the persons as listed below:

   x    a.    **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

Brian Jennings, Esq.
bjennings@perkinscoie.com

    ☐    b.    **United States mail, postage fully prepaid** (list persons and addresses):

    ☐    c.    **Personal Service** (list persons and addresses):

I personally delivered the document(s) to the persons at these addresses:

    ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

x    d.    **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Alan D. Smith, Esq.
adsmith@perkinscoie.com

Steve Harris, Esq.
steve@renolaw.biz

    ☐    e.    **By fax transmission** (list persons and fax numbers):

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 19th day of July, 2007.

| L. Bubala | //s// L. Bubala |
|---|---|
| Name | Signature |

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

-10-