1  JANET L. CHUBB, ESQ.
   Nevada Bar # 176
2  LOUIS M. BUBALA III, ESQ.
   Nevada Bar # 8974
3  JONES VARGAS
   100 W. Liberty St, 12th Floor
4  P.O. Box 281
   Reno, NV 89504-0281
5  Telephone:  (775) 786-5000
   Fax:  775-786-1177
6  Email:  jlc@jonesvargas.com
           tbw@jonesvargas.com
7          lbubala@jonesvargas.com

8  Attorneys for
   KOHL'S DEPARTMENT STORES, INC.

*Electronically Filed on
May 11, 2007*

9

10                    **UNITED STATE  BANKRUPTCY COURT**

11                        **DISTRICT OF NEVADA**

12 In re                              Case Nos. 06-50140 through 06-50146

13 PTI HOLDING CORP., et al.,         Administratively consolidated under:
                                      Case No. BK-N-06-50140-GWZ
14             Debtors.               Chapter 11

15

16 LONDON FOG GROUP, INC. and PACIFIC     Adversary No. BK-N-07-05066-GWZ
   TRAIL, INC.,
17                                         **DEFENDANT KOHL'S
               Plaintiffs,                 DEPARTMENT STORES, INC.'S
18                                         MOTION TO DISMISS**
   vs.
19                                         Hearing Date:  7/26/07
   KOHL'S DEPARTMENT STORES, INC.,         Hearing Time:  10:00 a.m.
20                                                        Set for one hour
               Defendants.
21

23         Defendant KOHL'S DEPARTMENT STORES, INC. ("Kohl's"), by and through its

24 counsel, Jones Vargas, moves to dismiss this adversary proceeding pursuant to FRBP 7012(b),

25 incorporating FRCP 12(b)(3) and (6), and 28 U.S.C. § 1409(d).  This motion is based upon the

26 attached Memorandum of Points and Authorities, the supporting declaration of Lisa  Sledgister

27 (née Ladwig) in support of this motion, the pleadings and papers on file herein, and any other

28 material this Court may wish to consider.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This proceeding must be dismissed for improper venue under the governing statutory and contractual terms.  This adversary proceeding is the only matter in these cases involving Kohl's. Indeed, Kohl's did not file a claim in either case.  In this context, the statutory and contractual terms prohibit plaintiffs from prosecuting this stand-alone proceeding in Nevada.

Congress authorizes a Chapter 11 debtor to commence a proceeding for a legal claim arising after the commencement of the case based on the operation of the business "only" in the federal district court for the court provided for by nonbankruptcy venue provisions.  28 U.S.C. § 1409(d).  Plaintiffs allege just that, a claim arising postpetition based on the operation of debtor's business.  Pursuant to Congressional mandate, plaintiffs then must look to the forum-selection clause in their contract with Kohl's.  This clause requires the action be brought in the state or federal district courts for Waukesha County, Wisconsin.   The only proper venue is in the U.S. District Court for the Eastern District of Wisconsin.

The United States Supreme Court also has held that a forum-selection clause "is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The burden is on the plaintiffs to show that it is unreasonable to litigate this dispute in Wisconsin. Plaintiffs cannot meet this burden.  Although they filed their bankruptcy petitions in Nevada, they have no unique nexus here.   Plaintiffs are incorporated and based in Washington.   They do business around the world.  Their lead counsel is a Washington-based law firm, with 15 offices globally, and an international practice.  Plaintiffs just as easily could have filed their petitions and this case in Wisconsin as in Nevada.  Plaintiffs freely entered into a contract with defendant, and they must honor its venue-selection clause.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

## II.  BACKGROUND

**A.      Plaintiffs agreed to venue in state or federal courts in Waukesha County, Wisconsin.**

In 2000, plaintiffs entered into a contract with Kohl's for electronic transmittal of product orders in substitution for paper-based documents.   Ex. 1, Kohl's Dept. Stores Electr. Data Interchange Trading Partner Agrmt. ("Electronic Interchange Contract").[1]   The Electronic Interchange Contract provided that plaintiffs agreed to the terms of the "Vendor Partnership Agreements" as detailed on a Kohl's website for its vendors.  *Id.* at § 3.1.

The Kohl's website contained a document entitled, "Merchandise Purchase Order Terms and Conditions."  Ex. 2 ("Purchase Order Terms").  The terms specify that "[a]ny suit, action or proceeding against [Kohl's] with respect to our Purchase Order or the parties' actions with respect thereto shall be brought in Waukesha County, Wisconsin, or in the United States District Court for the Eastern District of Wisconsin and you hereby submit to the jurisdiction of such courts for the purpose of any suit, action or proceeding."  *Id.* at 11, Misc. Provisions

By entering the Electronic Interchange Contract, Plaintiffs agreed to abide by the Purchase Order Terms listed at the Kohl's website.  These terms including the venue-selection clause that requires plaintiffs to pursue any claims through the state or federal district courts of Waukesha County, Wisconsin.

**B.      Plaintiffs allege a postpetition claim arising from the operation of their businesses.**

Pacific Trail, Inc., and London Fog Group, Inc., filed Chapter 11 petitions on March 20, 2006.  Case Nos. 06-50145 and 06-50146, respectively.  As alleged in the complaint, Kohl's learned about the bankruptcies and contacted plaintiffs three days later about profitability assistance.  Ct. Dkt. #1, Complt. at ¶17.  Kohl's then purportedly breached the purchase order contracts by applying a $270,000 "markdown allowance" in response to plaintiffs' invoices.  *Id.* at ¶38.  Plaintiffs allege that Kohl's refuses to pay the $270,000 despite repeated requests.  *Id.* at ¶39.

---

[1] Exhibit 1 consists of the form agreement containing all the terms, and the two pages that plaintiffs filled out and returned to Kohl's in 2000.  Plaintiffs did not return the complete contract, but it contained the same terms as provided for in the attached form.  See Decl. of Lisa Sledgister (née Ladwig), the misses outerwear buyer for Kohl's, filed contemporaneously with this motion.

**C.    Plaintiffs allege this adversary proceeding is properly venued in Nevada.**

Despite the venue-selection clause requiring all litigation to be filed in Wisconsin, plaintiffs filed this action in the U.S. Bankruptcy Court for the District of Nevada on March 23, 2007.  *Id.*  Plaintiffs allege venue is proper here pursuant to 28 U.S.C. §§ 1408, 1409.  *Id.* at ¶3.

### III.  DISCUSSION & ANALYSIS

**A.    Standard for Motion to Dismiss**

A party may move to dismiss an action before answering based on improper venue and/or failure to state a claim upon which relief can be granted.  FRBP 9012(b), incorporating FRCP 12(b)(3), (6).

**B.    Congress requires this action to be filed in Wisconsin, not Nevada.**

Congress provides only one proper venue for actions such as the one before this Court. When the statute is applied in this case, the case is properly venued in the Eastern District of Wisconsin.  Plaintiffs have filed this proceeding in the wrong venue, and it must be dismissed.

The statutory directive is contained in 28 U.S.C. § 1409(d), which states:

> A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State of Federal court sits in which, under applicable, nonbankruptcy venue provisions, an action on such claim may have been brought.

As *Collier* summarizes, the statute is an exclusive venue provision for "[1] actions filed by a trustee that related to a claim arising after the commencement of the title 11 case and [2] that results from the operation of the debtor's business."  1 *Collier on Bankruptcy* ¶4.02[4] at p. 4-20 through 4-22 (15th ed. rev. April 2007).  Congress adopted the provision to limit the trustee's ability to bring a postpetition claim in the trustee's "home court." *Id.* & nn. 31-32, citing H.R. 595, 95th Cong., 1st Sess. 447 (1977) & S. Rep. No. 989, 95th Cong., 2d Sess. 156 (1978).  Thus, "venue for proceeding arising in or related to a case under Title 11 is proper in the court where the main bankruptcy case is pending <u>unless</u> the proceeding falls within one of the … subsections requiring different treatment."  9 *Am. Jur.2d Bankr.* § 736 at p. 791 (1999) (emphasis added), *citing In re B&L Oil Co.*, 834 F.2d 156 (10th Cir. 1987).

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

1    The Ninth Circuit Bankruptcy Appellate Panel affirmed dismissal for improper venue

2    pursuant to Section 1409(d) in the only published decision within the circuit on the statute.

3    *Etalco, Inc. v. AMK Inds., Inc.* (*In re Etalco, Inc.*), 273 B.R. 211 (2001).  The parties in *Etalco*

4    entered into a prepetition contract, a postpetition dispute arose between them as to the amount due,

5    the nondebtor refused to turn over funds to the debtor, and debtor brought an adversary proceeding

6    for breach of contract.  *Id.* at 215-16.  The nondebtor defendant moved to dismiss under Section

7    1409(d) since it did not have minimum contacts with the district in which the debtor filed its

8    petition.  *Id.*  The bankruptcy court dismissed the proceeding for improper venue, the BAP

9    concluded.  *Id.* at 218.  The BAP affirmed, holding that Section 1409(d) applied to debtor's claim

10   and interpreting the statute to require the application of state venue law.  *Id.* at 218-23.

11   The proceeding *sub judice* involves circumstances similar to *Etalco*:  Plaintiffs and Kohl's

12   entered into a prepetition contract, a postpetition dispute arose as to the net amount due, Kohl's

13   refuses to turn over funds purportedly owed to plaintiffs, and plaintiffs brought this adversary

14   proceeding.  Ct. Dkt. #1, Complt.  The BAP held in *Etalco* that Section 1409(d) applies to such a

15   dispute, then applied nonbankruptcy law to determine the proper venue.  The conclusion should be

16   the same here, except there is no need to consider minimum contacts or due process.  The parties

17   agreed to a venue-selection clause that requires all litigation to be filed in Wisconsin state or

18   federal courts.  Ex. 2, Purchase Order Terms at 11.  The parties are bound by this contractual term.

19   Under Section 1409(d), the only proper venue for this proceeding is the U.S. District Court

20   for the Eastern District of Wisconsin.  Venue is improper in the U.S. Bankruptcy Court for the

21   District of Nevada, and this case must be dismissed.  FRBP 9012(b), incorporating FRCP

23   12(b)(3).

24   **C.    The Court must enforce the venue-selection clause in the parties' contract.**

25   If the Court holds Section 1409(d) does not apply because this matter involves a

26   prepetition claim, the proceeding still must be dismissed because plaintiffs bring non-core claims

27   subject to their contractual venue-selection clause.

28

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

1      **1.      The United States Supreme Court validates forum-selection clauses.**

2           The United States Supreme Court has held that a forum-selection clause "is prima facie

3    valid and should be enforced unless enforcement is shown by the resisting party to be

4    'unreasonable' under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

5    *Collier* notes that some courts apply this standard in bankruptcy proceedings on the grounds that

6    "a debtor in possession or trustee is not entitled to special treatment" to avoid the forum-selection

7    clause. 1 *Collier on Bankruptcy* ¶4.02[1] at p. 4-15 & n.15, *citing in part Diaz Contracting Inc. v.*

8    *Nanco Contracting Corp.* (*In re Diaz Contracting Inc.*), 817 F.2d 1047 (3d. Cir. 1987).  The only

9    two published bankruptcy decisions within the Ninth Circuit both applied forum-selection clauses

10    when presented with a *Bremen* venue objection.  *O. Mustad & Sons, A/S v. Seawest Inds., Inc.*, 73

11    B.R. 946 (W.D. Wash. 1987); *Mor-Ben Ins. Markets Corp. v. Trident Gen. Ins. Co.* (*In re Mor-*

12    *Ben Ins. Markets Corp.*), 73 B.R. 644 (B.A.P. 9th Cir. 1987).

13           Plaintiffs cannot show that it is unreasonable to enforce the venue-selection clause.  They

14    have no special nexus to Nevada.  The corporations and their lawyers are based in Washington,

15    and they both conduct business around the world.  There are no documents, no witnesses, no

16    evidence that is peculiar in Nevada in the cases or adversary proceeding.  All the relevant material

17    is in Washington or Wisconsin.  It only gets to Nevada if the parties bring it here.

18           Plaintiffs opted to abandon their "home court" in Washington and file their petitions in

19    Nevada.  That was their choice.  Plaintiffs also elected to do business with Kohl's and agree to the

20    venue-selection clause that requires all litigation to be brought in Wisconsin.   Again, that was

21    plaintiffs' choice.  Now they must live with those choices, and this Court must dismiss this action

23    for improper venue and failure to state a claim.  FRBP 9012(b), incorporating FRCP 12(b)(3), (6).

24    ///

25    ///

26    ///

27

28

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

2.        **Forum-selection clauses are not unreasonable in non-core matters.**

Courts in other circuits have articulated a more nuanced standard from *Bremen*, holding

that it requires the party resisting the forum-selection clause to demonstrate that:

> (1) the clause was invalid for such reasons as fraud or overreaching, or (2) enforcement of the clause would contravene a strong public policy of the forum where the suit is brought; or (3) that enforcement of the clause would be so gravely difficult and inconvenient as to be unreasonable and unjust and that it would deprive the party of its day in court.

*E.g.*, *Brown v. Mortgage Elec. Registration Sys., Inc.* (*In re Brown*), 354 B.R. 591, 601-02 (D.R.I.

2006), *citing Bremen*, 407 U.S. at 10, 15 & 18.  In the current proceeding, there are no grounds for

the first two factors, that the clause is invalid due to fraud or overreaching, or that the forum-

selection clause contravenes a strong Nevada public policy.

Bankruptcy courts have paid special attention to the third factor, inconvenience.  Courts

are often are required to make a decision while balancing (1) the parties' freedom to contract and

their negotiated contract rights, including a forum-selection clause, and (2) the policy goals of

centralizing bankruptcy proceedings.[2]  *Id.* at 600 & 602.  The common conclusion is that the

bankruptcy policy goals trump the forum-selection clause when the dispute is a core proceeding.

*Id.* at 602 (citing cases).  For example, courts have declined to apply a forum-selection clause

when a creditor files a proof of claim, thereby converting the dispute to a core matter under 28

U.S.C. § 157(b)(2)(B).  *Id.*; *D.E. Frey Group, Inc. v. FAS Holdings, Inc.* (*D.E. Frey Group, Inc.*),

Case No. 05-1356, 2006  WL 2612206 (Bankr. D. Colo. Feb. 1, 2006).

The outcome is the opposite in non-core proceedings:  Courts apply forum-selection

clauses.  Non-core proceedings are not governed by the same policy goals as core proceedings,

and the freedom to contract is the controlling factor when faced with a venue-selection clause.

---

[2] Judge Markell engaged in a similar balancing act in the context of *Bremen* in another adversary proceeding filed in the PTI bankruptcy cases.  *Homestead Holdings, Inc. v. Broome & Wellington* (*In re PTI Holding Corp.*), 346 B.R. 820, 832 (Bankr. D. Nev. 2006).  There, the debtor moved for a preliminary injunction to prevent a creditor from enforcing its guarantee contracts against the debtor's principals.  *Id.* at 822.  The contracts had to be litigated in England pursuant to the choice of forum clauses.  *Id.* at 823.  Judge Markell noted that "[u]pholding any contact is an important public interest, especially if an international choice of forum clause is involved."  *Id.* at 832, *citing in part Bremen*, 407 U.S. 1.  However, Judge Markell entered a limited injunction based on the potential harm to the debtors absent the injunction, and noted the injunction only postponed the vindication of the parties' rights.  *Id.* at 832-34.

1   *E.g.*, *Diaz Contracting.* 817 F.2d 1047; *McCrary & Dunlap Constr. Co. v. DEC Const. Partners,*

2   *Ltd.* (*In re McCrary & Dunlap Constr. Co.*), 256 B.R. 264, 266 (Bankr. M.D. Tenn. 2000), *citing*

3   *N. Parent, Inc. v. Cotter & Co.* (*In re N. Parent, Inc.*), 221 B.R. 609 (Bankr. D. Mass. 1998).

4        In *McCrary*, the debtor brought a claim for breach of contract for amounts owed under its

5   contract with defendant.  *Id.* at 265.  The court held that the proceeding to collect an account

6   receivable is non-core.  *Id.* at 266.  The court recognized that some courts have concluded the

7   matter to be core as a matter of estate administration or for turn over of estate assets.  *Id., citing* 28

8   U.S.C. §§ 157(b)(2)(A), (E).  However, it concluded that the better, and majority, approach is to

9   treat a prepetition state-law claim as non-core.  *Id.* at 267 (citing cases).  "[S]uch claims fall

10  squarely under the dictates of *Northern Pipeline*.  Congress has stated that the bankruptcy courts

11  may not force non-consenting claimants whose claims are based on state-created private rights

12  into non-Article III courts." *Id.*, *citing Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,

13  458 U.S. 50, 70-72 (1982).  As a result, the court dismissed the proceeding as contrary to the

14  requirements of venue-selection clause in the parties' contract.  *Id.*

15        **3.    Kohl's forum-selection clause must be enforced in this non-core proceeding.**

16        This is a non-core proceeding, despite plaintiffs' characterization.  There are two state-law

17  claims, breach of contract and unjust enrichment.  They arise neither under Title 11 nor in the

18  bankruptcy case.  The claims are only related to the case and are non-core.  Plaintiffs cannot show

19  it is unreasonable to enforce the forum-selection clause.  The proceeding must be dismissed.

20        **a.    Standard for Core Proceedings and Related Jurisdiction**

21        The question of core proceeding turns on this court's jurisdiction over the matter.  U.S.

23  District Courts have original but not exclusive jurisdiction over proceedings related to cases under

24  the Bankruptcy Code.  28 U.S.C. § 1334(b).  U.S. Bankruptcy Courts may not enter dispositive

25  rulings in such related proceedings without the consent of the parties.  28 U.S.C. § 157(c).

26        Congress did not define "related" matters, but they generally include matters (1) whose

27  outcome could conceivably have an effect on the bankruptcy estate, and (2) involve causes of

28  action owned by the debtor that became property of the bankruptcy estate.    1 *Collier on*

JONES VARGAS
100 W. Liberty Street, 12ᵗʰ Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000    Fax: (775) 786-1177

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1    *Bankruptcy* ¶3.01[4][c][ii] at p. 3-24.   For example, the plurality in *Marathon* held that the

2    bankruptcy court lacked jurisdiction to resolve plaintiff's state-law claims because the claims

3    merely related to the bankruptcy case.   Other courts have similarly held that related matters

4    include an action by debtor relating to a prepetition contract, and an action to collect a prepetition

5    account.   *Id.* ¶3.01[4][c][ii] at p. 3-24 & nn. 73-74, *citing in part Rosen-Novak Auto Co. v. Honz*,

6    783 F.2d 739 (8th Cir. 1986), and *Weng v. Farb* (*In re K&L Ltd.*), 741 F.2d 1023 (7th Cir. 1984).

7         Core and related proceedings are mutually exclusive by the plain statutory language.   28

8    U.S.C. §§ 157(b), (c); *see* 9 *Am. Jur.2d Bankr.* § 566 at p. 632 & n.79 ("Related proceedings are,

9    by definition, not core proceedings."), *citing in part In re Sun W. Distribs., Inc.*, 69 B.R. 861

10   (Bankr. S.D. Cal. 1987).

11              **b.      Plaintiffs bring a non-core proceeding related to their cases.**

12        A simple reading of the complaint revealed that this action is related to plaintiffs' cases.

13   Plaintiffs bring stand-alone state-law claims for breach of contract and unjust enrichment.   The

14   legal claims and proceeding do not arise under Title 11 or arise in the context of the bankruptcy

15   cases.   Since this proceeding is related to the cases, this Court's jurisdiction is limited unless the

16   parties consent to final disposition by the Court.   28 U.S.C. §§ 1334(b), 157(c).   The "related to"

17   jurisdiction also means that the claims are non-core.   *Cf.* 28 U.S.C. § 157(b).   Therefore, since the

18   matters are non-core, the bankruptcy policy goals of consolidation must give way to the parties

19   freedom to contract.   *Accord Diaz Contracting Inc. v. Nanco Contracting Corp.* (*In re Diaz*

20   *Contracting Inc.*), 817 F.2d 1047 (3d Cir. 1987); *McCrary & Dunlap Constr. Co. v. DEC Const.*

21   *Partners, Ltd.* (*In re McCrary & Dunlap Constr. Co.*), 256 B.R. 264, 266 (Bankr. M.D. Tenn.

23   2000).   The venue-forum clause is enforceable, and the proceeding must be dismissed for

24   improper venue and failure to state a claim.   FRBP 9012(b), incorporating FRCP 12(b)(3), (6).

25   ///

26   ///

27   ///

28

1

c.    **Plaintiffs mischaracterize this matter as a core proceeding.**

2

Plaintiffs assert this is a core proceeding concerning estate administration, 28 U.S.C. §

3

157(b)(2)(A); claims, § 157(b)(2)(B); orders to turn over property of the estate, § 157(b)(2)(E);

4

and other proceedings, § 157(b)(2)(O). This characterization is completely unsupported by case

5

law and the leading authorities.

6

Plaintiffs, according to their own pleadings, seek to collect on their accounts receivable.

7

Ct. Dkt. #1, Complt. Their claim for turnover is duplicative of their state law claims and wholly

8

unnecessary for this case. *Collier* is particular dismissive of debtors seeking to assert a core

9

proceeding in these circumstances, under the same statutory bases cited by plaintiffs.

10

> It should be clear that actions to collect prepetition accounts receivable are
> straightforward *Marathon*-type contract actions and are, thus, not core
> proceedings. However, courts have used sections 157(b)(2)(A) (matters of
> administration), 157(b)(2)(E) (turnover), and 157(b)(2)(O) ("other
> proceedings") to obliterate Marathon. These cases … should not be
> followed.

11

12

13

1 *Collier on Bankruptcy* ¶3.02[4] at p. 3-49 & nn. 67-68, citing in part *Orion Pictures Corp. v.

14

*Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095 (2d Cir. 1993). *Marathon*

15

established that "Congress may not vest in a non-Article III court the power to adjudicate, render

16

final judgment, and issue binding orders in a traditional contract action arising under state law

17

…." *Id.* ¶3.02[2] at p. 3-38 & n.10, *quoting Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S.

18

568, 584 (1985). The Sixth Circuit Court of Appeals issued a similar warning: "[S]tate law and

19

contract claims that do not specifically fall within the categories of core proceedings enumerated

20

in 28 U.S.C. § 157(b)(2)(B)-(N) are related proceedings even if they arguably fit within the literal

21

wording of the two catch-all provisions, sections 157(b)(2)(A) and (O)." *Piombo Corp v.

23

*Castlerock Props.* (*In re Castlerock Props.*), 781 F.2d 159, 162 (1986).

24

Despite *Marathon*'s directive, plaintiffs still try to allege their state-law claims this stand-

25

alone adversary proceeding constitute a core proceeding. Plaintiffs are simply wrong. Plaintiffs

26

bring non-core claims that are subject to the venue-selection clause in their contract. The parties'

27

freedom to contract must be honored, and this proceeding must be dismissed.

28

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

1

### IV.  CONCLUSION

2          Plaintiffs brought this action in the wrong venue.  Either they brought a postpetition claim

3  subject to a mandatory venue statute, or they filed a non-core, prepetition claim that requires

4  adherence to a contractual venue-selection clause.   The mere presence of the clause puts the

5  burden on plaintiffs to prove why the clause is unreasonable and should be avoided.  *Bremen*, 407

6  U.S. at 10.  Plaintiffs do not hoe an easy road:  "The standard of proof is strict, and plaintiffs are

7  not entitled to a more lenient standard simply because they are in bankruptcy.  9 *Am. Jur.2d*

8  *Bankr.* § 739 at p.794 & nn. 39-40 (1999), *citing General Eng'g Corp. v. Martin Marietta*

9  *Alumnia, Inc.*, 783 F.2d 352 (3d Cir. 1986), and *In re Air Vt., Inc.*, 44 B.R. 440 (Bankr. D. Vt.

10  1984).  Plaintiffs cannot meet the burden to overturn the statutory requirement or the contractual

11  terms that require this action to be dismissed for improper venue and failure to state a claim.

12                                                                This 11th day of May, 2007.

13                                                                JONES VARGAS

14                                                                By:  _____//s// Louis M. Bubala III_____
                                                                          LOUIS M. BUBALA III

15

16                                                                Attorneys for
                                                                    KOHL'S DEPARTMENT STORES, INC.

17

18

19

20

21

23

24

25

26

27

28

J<span>ONES</span> V<span>ARGAS</span>
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**CERTIFICATE OF SERVICE**

1.    On May 11, 2007, I served the following document(s):

DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S MOTION TO DISMISS

2.    I served the above-named document(s) by the following means to the persons as listed below:

    x    a.    **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

Brian Jennings, Esq.
bjennings@perkinscoie.com

    ☐    b.    **United States mail, postage fully prepaid** (list persons and addresses):

    ☐    c.    **Personal Service** (list persons and addresses):

I personally delivered the document(s) to the persons at these addresses:

    ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    x    d.    **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Alan D. Smith, Esq.
adsmith@perkinscoie.com

Steve Harris, Esq.
steve@renolaw.biz

    ☐    e.    **By fax transmission** (list persons and fax numbers):

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

-12-

fax machine that I used.  A copy of the record of the fax transmission is attached.

☐   f.    **By messenger**:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service.    (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 11th day of May, 2007.

C. Grinstead                                              //s// C. Grinstead
Name                                                        Signature